IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONELL KING,<br><br>                Plaintiff,<br><br>vs.<br><br>ROB JEFFREYS, Director of the Nebraska Department of Correctional Services, individually and in their Official Capacities; TAGGART BOYD, Warden of the Reception & Treatment Center, individually and in their Official Capacities; and KYLE SIMMONS, Correctional Officer at the Reception & Treatment Center, individually and in their Official Capacities;<br><br>                Defendants. | 4:25CV3022<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court for case management. Plaintiff is hereby notified that no further action shall be taken in this matter until the signature deficiency in Plaintiff's Complaint at Filing No. 1, as described below, is corrected.

      On February 3, 2025, Plaintiff filed a verified complaint which, in the location where his signature would be located, contained a "/s" symbol followed by Plaintiff's typewritten name. Filing No. 1 at 6. As Plaintiff has not registered for electronic filing, he cannot use an electronic signature under the Federal Rules of Civil Procedure and the local rules of this Court.

      Under Rule 11(a) of the Federal Rules of Civil Procedure, each pro se party in the case must sign the pleadings. "[E]very pleading ... must be signed" and the Court may strike an unsigned pleading "unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed.R.Civ.P. 11(a). In *Becker v. Montgomery*, a pro

se inmate signed his notice of appeal by typing his name instead of providing a traditional "wet" signature, and the Supreme Court determined that an electronic signature did not satisfy Rule 11(a) of the Federal Rules of Civil Procedure, but rules of local courts could make such an allowance.  532 U.S. 757, 763 (2001).  As Nebraska's local rules do not allow pro se parties to electronically sign documents unless they have electronic filing privileges, *see* NECivR 11.1(a)(2) (allowing the use of an electronic signature designated by the symbol "/s" by pro se parties when filing documents via the Court's electronic filing system), and as Plaintiff does not have electronic filing privileges, Plaintiff's electronic signature is deficient.

"Rule 11(a) permits [a litigant] to submit a duplicate containing his signature to remedy noncompliance with the signature requirement." *Becker*, 532 U.S. at 760 (internal quotations omitted).  Accordingly, the Court shall order Plaintiff to file a signed Complaint that complies with Federal Rule of Civil Procedure 11 and this Court's Local Rules.  This matter cannot proceed until the foregoing deficiency is corrected.

IT IS THEREFORE ORDERED that:

1. Plaintiff is ordered directed to correct the above noted signature defect on or before **March 31, 2025**.  FAILURE TO COMPLY WITH THIS MEMORANDUM AND ORDER WILL RESULT IN DISMISSAL OF THIS MATTER WITHOUT PREJUDICE AND WITHOUT FURTHER NOTICE.

2. The Clerk's office is instructed to send Plaintiff a copy of page 6 of his Complaint at Filing No. 1 so that he can sign it and return it to this Court.  Plaintiff need not have his signature re-notarized.

3.  The Clerk's office is directed to set a pro se case management deadline in this case using the following text: **March 31, 2025**: deadline to submit signed Complaint.

4.  No further review of this case shall take place until Plaintiff resolves the signature deficiency in his Complaint.

5.  To the extent Plaintiff requires further time to comply with any portion of this Memorandum and Order he must submit a motion for an extension of time prior to the expiration of the deadlines set forth herein.

Dated this 27th day of February, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge