IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONELL KING,<br><br>               Plaintiff,<br><br>vs.<br><br>ROB JEFFREYS, Director of the Nebraska Department of Correctional Services, individually and in their Official Capacities; TAGGART BOYD, Warden of the Reception & Treatment Center, individually and in their Official Capacities; and KYLE SIMMONS, Correctional Officer at the Reception & Treatment Center, individually and in their Official Capacities;<br><br>               Defendants. | 4:25CV3022<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on a Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 3, and a motion seeking the appointment of counsel, Filing No. 4, both filed by Plaintiff Donell King ("Plaintiff'). The Court has received a copy of Plaintiff's trust account information. Filing No. 9. Plaintiff is permitted to proceed IFP, however his motion to appoint counsel shall be denied without prejudice to reassertion.

**I.  MOTION TO PROCEED IFP**

Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. Here, the Court finds the initial partial filing fee is $23.49, based on average monthly deposits in the amount of $117.45. Plaintiff must pay this initial partial filing fee within 30 days or his case will be subject to dismissal. Plaintiff may request an extension of time if one is needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the Court.

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

## II.  MOTION TO APPOINT COUNSEL

Plaintiff seeks appointment of counsel arguing that appointment is appropriate because as an indigent prisoner he has limited knowledge of the law and limited access

to a law library. Filing No. 4 at 1. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. As such, Plaintiff's motion for appointment of counsel shall be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP, Filing No. 3, is granted.

2. Plaintiff must pay an initial partial filing fee of $23.49 within 30 days unless the Court extends the time in which he has to pay in response to a written motion.

3. After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the Court.

4. The Clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

5. The Clerk's office is directed to set a pro se case management deadline in this case using the following text: **April 28. 2025**: initial partial filing fee payment due.

6. Plaintiff's motion to appoint counsel, Filing No. 4, is denied without prejudice to reassertion.

7. If Plaintiff needs additional time to comply with this Memorandum and Order he must file a written motion requesting an extension of time with Court prior to the deadline for compliance.

8. Plaintiff is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 27th day of March, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

4