IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DONELL KING,

Plaintiff,

vs.

KYLE SIMMONS, Correctional Officer at the
Reception & Treatment Center, in his
Individual Capacity;

Defendant.

4:25CV3022

MEMORANDUM AND ORDER

This matter is before this Court on a motion seeking the appointment of counsel (the "Motion to Appoint Counsel"), Filing No. 30, as well as a motion seeking to appoint independent experts (the "Motion to Appoint Experts"), Filing No. 33, and a motion seeking to subpoena the production of documents (the "Motion to Subpoena"), Filing No. 37, all filed by Plaintiff Donnell King ("Plaintiff").  For the reasons that follow the Motion to Appoint Counsel shall be granted and the Court shall sue sponte suspend the Progression Order deadlines, *see* Filing No. 29, until after counsel has been appointed and has entered his or her appearance.  However, the Motion to Appoint Experts, Filing No. 33, and the Motion to Subpoena, Filing No. 37, shall be denied without prejudice to reassertion.

Plaintiff seeks the appointment of counsel, arguing he cannot afford counsel, his incarceration greatly limits his ability to litigate the case because the case involves substantial investigation and discovery, the issues are complex, and if his case were to proceed to trial it will likely involve conflicting testimony and presentation of evidence (yet to be obtained from the institution) which will be both difficult to obtain and present for a

pro se litigant.  Filing No. 30.  While there is no right to counsel, when considering such requests this Court looks to "the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony."  *Recca v. Omaha Police Dep't*, 859 F.App'x. 3, 4 (8th Cir. 2021); *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)).  While Courts simply cannot appoint counsel for every pro se litigant who makes such a request, *see, e.g.*, *Edwards v. Staniec*, No. 08-CV-352-BBC, 2009 WL 3046747, at *2 (W.D. Wis. Sept. 17, 2009), ("The court cannot appoint counsel in every case just because having a lawyer tends to help"), *aff'd*, 389 F. App'x 523 (7th Cir. 2010), a district court may "recruit counsel for an indigent person in appropriate circumstances," 28 U.S.C. § 1915(e)(1), and "[t]he court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants."  *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).  Other courts have found that appointment of counsel is appropriate when a civil pro se litigant brings a colorable claim but lacks the capacity to adequately present it. *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him").  While there is no indication that Plaintiff lacks the capacity to bring his claim, in this instance he has asserted several colorable (and potentially ongoing) claims involving an employee of the institution where he is housed resulting in what appears to be serious injuries which still require treatment. *See* Filing No. 21.

At minimum, Plaintiff will need to obtain various records from the Reception and Treatment Center and also may need to obtain statements from and/or depositions of

individuals located there to support his claims.  Such an undertaking is potentially difficult for any pro se litigant, especially when incarcerated.  For these reasons, the Court shall grant the Motion to Appoint Counsel.     And, as counsel has not yet been appointed, the Court sua sponte finds that the deadlines in the current Progression Order should be suspended until counsel is obtained and enters an appearance in this matter.

IT IS THEREFORE ORDERED that

1. Plaintiff's Motion to Appoint Counsel, Filing No. 30, is granted on the following terms: As counsel has not yet been appointed, the Court shall suspend the deadlines in the Progression Order, Filing No. 29, until after counsel has been appointed and enters an appearance in this matter, at which time the Court shall address those deadlines.

2. Plaintiff's Motion to Appoint Experts, Filing No. 33, and the Motion to Subpoena, Filing No. 37, shall be denied without prejudice to reassertion only after counsel has entered an appearance in this matter and the Progression Order deadlines have been addressed by this Court.

3. The Court will enter a separate order appointing counsel once an appointment is made.

4. The final Pretrial Conference set for December 1, 2026, before Magistrate Judge Jacqueline M. DeLuca is continued until further order of the Court.

5. The Clerk of Court shall transmit a copy of this Order to Magistrate Judge DeLuca's chambers.

Dated this 16th day of June, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court