IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DONELL KING,

Plaintiff,

vs.

KYLE SIMMONS, Correctional Officer at the Reception & Treatment Center, in his Individual Capacity;

Defendant.

**4:25CV3022**

**MEMORANDUM AND ORDER**

This matter is before the Court for case management and to address a brief, Filing No. 42, declaration, Filing No. 43, and supplement, Filing No. 44, filed by Plaintiff Donell King purportedly in support of a motion to compel discovery. As explained below, the Court will not take any action on Plaintiff's discovery-related materials and will appoint counsel for Plaintiff.

On June 16, 2026, the Court granted Plaintiff's motion seeking appointment of counsel and suspended the progression deadlines until after counsel was appointed. Filing No. 39. On June 17, 2026, Defendant filed a certificate of service of his responses and objections to Plaintiff's requests for admission. Filing No. 40. On July 13, 2026, Plaintiff filed his brief, declaration, and supplement in support of his apparent request to compel Defendant to fully respond to Plaintiff's requests for admission, as well as his interrogatories and requests for production of documents. Filing No. 42; Filing No. 43; Filing No. 44. Plaintiff, however, has not filed a separate motion to compel, and, in any case, the Court will now appoint counsel to assist Plaintiff with discovery and further prosecution of this case, and a new progression order addressing

discovery and other pertinent deadlines will be entered following counsel's appointment. Accordingly,

IT IS THEREFORE ORDERED that:

1. The Court will take no action on Plaintiff's brief, Filing No. 42, declaration, Filing No. 43, and supplement, Filing No. 44.

2. In accordance with the Court's prior order granting Plaintiff's motion to appoint counsel, Filing No. 39, and with thanks for accepting the appointment, Kamron Hasan and the Husch Blackwell Law Firm are hereby appointed to represent Plaintiff Donell King in this matter.[1]

3. Kamron Hasan and the Husch Blackwell Law Firm are directed to promptly enter their appearance as counsel in this case.

4. Upon entry of counsel's appearance in CM/ECF, the Clerk of Court shall immediately pay from the Federal Practice Fund the sum of $1,000 to the Husch Blackwell Law Firm.

5. A second and last installment of $1,000 shall become due and payable to the Husch Blackwell Law Firm upon the entry of judgment or other closing documents in the case if the Husch Blackwell Law Firm represents Plaintiff through the entry of judgment or case closing.

6. Subject to the prior approval of the Court, counsel may incur reasonable expenses when representing Plaintiff in accordance with the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee. *See also* NEGenR 1.7(f) and NECivR 54.3-54.4.

[1] The undersigned has been authorized by the Chief Judge to appoint counsel pursuant to the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee.

7. Should Plaintiff succeed, and counsel be awarded attorney fees and expenses that exceed $2,000 plus expenses, counsel shall reimburse the Federal Practice Fund for the fees and expenses paid from the fund.

8. Counsel for Plaintiff is appointed to assist Plaintiff with the prosecution of his claims and through trial, if this case should proceed to trial. The appointment will not extend to any appeal after trial.

9. The Clerk of Court is directed to send a copy of this Memorandum and Order to Plaintiff and Plaintiff's appointed counsel.

10. Because counsel has been appointed, this case is removed from the pro se docket at the direction of the Court. The Clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 28th day of August, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge